# EXHIBIT  H

# UNIVERSITY OF CALIFORNIA, DAVIS



BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO •SAN FRANCISCO          SANTA BARBARA • SANTA CRUZ

IMMIGRATION LAW CLINIC
SCHOOL OF LAW CLINICAL PROGRAMS
ONE SHIELDS AVENUE, TB-30
DAVIS CALIFORNIA 95616-5270
TELEPHONE: (530) 752-6942
FAX: (530) 752-0822

February 16, 2016

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009

**RE: FOIA Request for Records Related to Certain Bond Policies and Records**

Dear FOIA Officer:

This letter is a request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 522, by the UC Davis Law Immigration Clinic Stanford Law School Immigrants' Rights Clinic on behalf of Asian Americans Advancing Justice-Asian Law Caucus. We seek records from the U.S. Immigration and Customs Enforcement ("ICE") pertaining to certain immigration detention policies and practices about: detention bond amounts; number of bond denials; amount and number of bonds posted; amount and number of breached bonds; policies and forms regarding bond cancellations or bond violations; and amount and receivers of unclaimed bond money.

There is a compelling and urgent need to inform the public about ICE bond policies. Both ICE and the immigration courts rely heavily on bonds as a condition of release, yet the public knows little about ICE policies relating to immigration bonds. From our practice, we know that ICE often denies bonds or sets bond so high that noncitizens cannot afford to pay the bond. Moreover, even when a noncitizen is able to pay bond, she often cannot claim the bond money even after the bond has been cancelled. Bond obligors may not notify the noncitizen of the immigration bond cancellation. As a result, large quantities of unclaimed bond money likely exist. The public has an interest in knowing how much bond money has gone unclaimed and what happens to the unclaimed bond money.[1]

## <u>RECORDS REQUESTED</u>

1. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-352. For each such respondent, please also disclose:

    a.  The facility where the respondent was detained;

---

[1] Privacy Impact Assessments for the eBONDS, BMIS, BMIS Web, EID, EARM, and ENFORCE databases state that the information requested by this letter is maintained for all respondents for whom ICE grants bond. *See generally* http://www.dhs.gov/privacy.

b. Date of birth;
c. Nationality;
d. Date of arrival;
e. Date the individual was booked into ICE custody;
f. Bond amount;
g. Bondable status;
h. Gender;
i. Bond status;
j. Location(s) (if any) of posted bond;
k. Date(s) (if any) of posted bond;
l. Date(s) (if any) when Form I-340 was issued;
m. Date(s) (if any) when bond was cancelled;
n. Date(s) (if any) when Form I-391 was issued;
o. Date(s) (if any) when form I-323 was issued; and
p. Date (if any) when bond was breached.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

2. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-323. For each such respondent, please also disclose:

a. The facility where the respondent was detained;
b. Date of birth;
c. Nationality;
d. Date of arrival;
e. Date the individual was booked into ICE custody;
f. Bond amount;
g. Interest accumulated on bond (if any);
h. Bond status;
i. Location (if any) of posted bond;
j. Date(s) (if any) of posted bond;
k. Date(s) (if any) when bond was breached;
l. Date(s) (if any) when form I-240 was issued;
m. Date(s) when form I-323 was issued; and
n. Amount, calculation, withholding, and/or reporting of income taxes.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

3. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-340. For each such respondent, please also disclose:

a. The facility where the respondent was detained;
b. Date of birth;
c. Nationality;
d. Date of arrival;

e. Date the individual was booked into ICE custody;
f. Bond amount;
g. Interest accumulated on bond (if any);
h. Bond status;
i. Location (if any) of posted bond;
j. Date (if any) of posted bond;
k. Date (if any) when bond was breached;
l. Date(s) on which Form I-340 was mailed;
m. Date (if any) when form I-323 was issued;
n. Whether Form I-340 was successfully delivered; and
o. Amount, calculation, withholding, and/or reporting of income taxes.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

4. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-391. For each such respondent, please also disclose:

a. The facility where the respondent was detained;
b. Date of birth;
c. Nationality;
d. Date of arrival;
e. Date the individual was booked into ICE custody;
f. Bond amount;
g. Interest accumulated on bond (if any);
h. Bond status;
i. Location (if any) of posted bond;
j. Date(s) (if any) of posted bond;
k. Date(s) (if any) when bond was cancelled;
l. Date(s) (if any) when form I-323 was issued;
m. Date(s) (if any) when form I-340 was issued;
n. Date(s) (if any) on which Form I-391 was mailed;
o. Whether Form I-391 was successfully delivered; and
p. Amount, calculation, withholding, and/or reporting of income taxes.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

We also request the following records[2] created or dated in Fiscal Years (FYs) 2010-2015:

---

[2] The term "records" as used in this request includes all records or communications preserved in electronic or written form, including but not limited to correspondence, regulations, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials or studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

5. All records describing or including look-up tables, guidance, policies, or other information defining database fields and maintenance protocols for the following databases: eBONDS, Bond Management Information System (BMIS), BMISWeb, and Bond Document Repository.

6. Memoranda, guidelines, worksheets, policies, communications or other records documenting or describing average, aggregate, total, and/or tallied bond amounts by detainee, region, field office, and/or nationwide.

7. Memoranda, guidelines, worksheets, policies, communications, or other records containing, describing, pertaining to, or referring to aggregate statistical reports or data regarding one or more of the following categories of information:

   a. Number of persons granted bond by ICE by month, year, or other time interval;
   b. Number of persons granted bond by the Executive Office for Immigration Review (EOIR) by month, year, or other time interval;
   c. Amount of bond set by ICE per detainee by month, year, or other time interval;
   d. Number of persons denied bond by ICE by month, year, or other time interval;
   e. Number of persons denied bond by EOIR by month, year, or other time interval;
   f. Number of appeals filed to the Board of Immigration Appeals by noncitizens or the Office Of Chief Counsel after a bond decision by the EOIR, by month, year, or other time interval;
   g. Average bond amount set by ICE by detainee nationality, by month, year, or other time interval;
   h. Average bond amount set by ICE by detainee gender, by month, year or other time interval;
   i. Average bond amount set, by date of detainee's arrest by DHS, by month, year, or other time interval;
   j. Average bond amount by date ICE granted bond, whether organized by month, year, or other time interval;
   k. Average length of detention at time of detainee paid bond, by month, year, or other time interval;
   l. Average bond amount set by ICE for detainees represented and not represented by counsel, whether organized by month, year, or other time interval;
   m. Average bond amount set by ICE for detainees who have passed Credible Fear Interviews (CFIs), organized by month, year, or other time interval;
   n. Average bond amount set by ICE for detainees who have passed Reasonable Fear Interviews (RFIs), organized by month, year, or other time interval;
   o. Average bond amount set by ICE for detainees by Immigration and Nationality Act (INA) charges on Notice to Appear, whether organized by month, year, or other time interval.

8. Memoranda, guidelines, worksheets, training materials policies, communications, or other records detailing the guidance or calculus ICE agents should use in making bond determinations.

9. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE determines when a bond is considered cancelled.

10. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE determines when a bond is considered breached.

11. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE determines when to issue a demand notice (I-340).

12. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE should and/or does notify bond obligors that an immigration bond has been: cancelled, forfeited, and/or breached.

13. Number of each of the following notices sent by ICE in each of Fiscal Years 2010-2015:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

14. Number of each of the following notices sent by ICE in each of Fiscal Years 2010-2015, in which ICE failed to secure delivery due to change in address:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

15. Memoranda, guidelines, worksheets, policies, communications, or other records detailing the guidance ICE agents use to determine what type of delivery method is used, including U.S. Mail, to send the following notices:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

16. Memoranda, guidelines, worksheets, policies, communications, or other records detailing how ICE agents should proceed when each of the following notices cannot be delivered because of a change in address:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

## THE REQUESTOR

Asian Americans Advancing Justice – Asian Law Caucus ("AAAJ-ALC") was founded in 1972 and is the nation's first legal and civil rights organization serving the low-income Asian and Pacific Islander (API) communities.  AAAJ-ALC focuses on housing rights, immigration and immigrants' rights, labor and employment issues, voting rights, civil rights and national security, and criminal justice reform.  The mission of the AAAJ-ALC is to promote, advance, and represent the legal and civil rights of API communities.  Recognizing that social, economic, political and racial inequalities continue to exist in the United States, AAAJ-ALC is committed to the pursuit of equality and justice for all sectors of our society, with a specific focus directed toward addressing the needs of low-income, immigrant and underserved APIs.

Since the vast majority of Asians and Pacific Islanders in America are immigrants and refugees, immigration policy is a major concern to Asian Pacific-Islander communities. Detention and deportation are of particular concern to Southeast Asian and Pacific Islander communities who are disproportionately impacted by immigration enforcement.  Through clinics throughout Northern California and its detention visitation

programs, AAAJ-ALC is a primary resource for legal representation and information for Asian Pacific-Islander communities.

## **FEE WAIVER**

The requestor also seeks a full fee waiver on the grounds that disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 522(a)(4)(A)(iii). As set forth above, this request aims at furthering public understanding of government conduct: specifically, ICE bond policies. Because the requested records will contribute significantly to public understanding of the immigrant detention system, we request a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii)).

If this request is denied in whole or in part, the requestors ask that the government justify all redactions by reference to specific FOIA exemptions. We expect the government to release all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny expedited processing or a waiver of fees.

Please send responsive records to:

Holly Cooper
UC Davis School of Law
Immigration Law Clinic
One Shield Ave. TB 30
Davis, CA 95616
hscooper@ucdavis.edu


Thank you for your time and attention. Please contact me at 530 754 4833 or hscooper@ucdavis.edu with any questions.


Sincerely,

/s/ Holly S. Cooper
Holly S. Cooper
Associate Director
Immigration Law Clinic
UC Davis School of Law