# EXHIBIT I

UNIVERSITY OF CALIFORNIA, DAVIS



BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO       SANTA BARBARA • SANTA CRUZ

IMMIGRATION LAW CLINIC
SCHOOL OF LAW CLINICAL PROGRAMS
ONE SHIELDS AVENUE, TB-30
DAVIS CALIFORNIA 95616-5270
TELEPHONE: (530) 752-6942
FAX: (530) 752-0822

April 18, 2016

U.S. Immigration and Customs Enforcement
Office of Principal Legal Advisor
U.S. Department of Homeland Security
FOIA
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**RE: FOIA Appeal for Request No. 2016-ICFO-21111**

Dear Sir/Madam:

On February 16, 2016, this office, together with the Asian Law Caucus and Stanford Law School Immigrants' Rights Clinic forwarded a written request for information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 522. Attachment 1. By an email dated February 19, 2016, you acknowledged receipt of this FOIA. Attachment 2.

To date, we have received no further communication regarding this request from your office. We now appeal from the Department's failure to determine whether to comply with the instant request within the time limits the FOIA prescribes.

5 U.S.C. §552(a)(4)(G)(6) provides as follows:

> Each agency … shall … determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination …

Department regulations similarly acknowledge: "The statutory time limit for responding to a FOIA request … is 20 days. In unusual circumstances, as defined in § 171.11(k), the time

1

limits may be extended by the Information and Privacy Coordinator for not more than 10 days..." 22 C.F.R. § 171.12(d).

In light of the Department's failure to adhere to the requirements of 5 U.S.C. § 552(a)(6)(B)(ii) and 22 C.F.R. § 171.12(d), and refusal to determine whether to comply with any portion of any of our requests within the time limits of 5 U.S.C. § 552(a)(6)(A)(i), we deem our requests denied pursuant to 5 U.S.C. § 552(a)(6)(C), and hereby appeal from that denial pursuant to 5 U.S.C. § 552(a)(6) and 28 C.F.R. § 16.9.

Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii) and 22 C.F.R. § 171.12(d), we request a decision on this appeal within 20 days. Please acknowledge receipt of this appeal and advise when a decision may be expected. Absent a timely response to this appeal or compliance with 5 U.S.C. § 552(a)(6)(B)(ii) we shall initiate litigation to compel the Department's compliance with the Freedom of Information Act, for which we shall also seek attorney's fees and costs. *See* 5 U.S.C. § 552(a)(4)(E).

Sincerely,

Holly S. Cooper

EX. 1

# UNIVERSITY OF CALIFORNIA, DAVIS

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO  SANTA BARBARA • SANTA CRUZ

IMMIGRATION LAW CLINIC
SCHOOL OF LAW CLINICAL PROGRAMS
ONE SHIELDS AVENUE, TB-30
DAVIS CALIFORNIA 95616-5270
TELEPHONE: (530) 752-6942
FAX: (530) 752-0822

February 16, 2016

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009

**RE: FOIA Request for Records Related to Certain Bond Policies and Records**

Dear FOIA Officer:

This letter is a request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 522, by the UC Davis Law Immigration Clinic Stanford Law School Immigrants' Rights Clinic on behalf of Asian Americans Advancing Justice-Asian Law Caucus. We seek records from the U.S. Immigration and Customs Enforcement ("ICE") pertaining to certain immigration detention policies and practices about: detention bond amounts; number of bond denials; amount and number of bonds posted; amount and number of breached bonds; policies and forms regarding bond cancellations or bond violations; and amount and receivers of unclaimed bond money.

There is a compelling and urgent need to inform the public about ICE bond policies. Both ICE and the immigration courts rely heavily on bonds as a condition of release, yet the public knows little about ICE policies relating to immigration bonds. From our practice, we know that ICE often denies bonds or sets bond so high that noncitizens cannot afford to pay the bond. Moreover, even when a noncitizen is able to pay bond, she often cannot claim the bond money even after the bond has been cancelled. Bond obligors may not notify the noncitizen of the immigration bond cancellation. As a result, large quantities of unclaimed bond money likely exist. The public has an interest in knowing how much bond money has gone unclaimed and what happens to the unclaimed bond money.[1]

## RECORDS REQUESTED

1. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-352. For each such respondent, please also disclose:

    a. The facility where the respondent was detained;

---

[1] Privacy Impact Assessments for the eBONDS, BMIS, BMIS Web, EID, EARM, and ENFORCE databases state that the information requested by this letter is maintained for all respondents for whom ICE grants bond. *See generally* http://www.dhs.gov/privacy.

  b. Date of birth;
  c. Nationality;
  d. Date of arrival;
  e. Date the individual was booked into ICE custody;
  f. Bond amount;
  g. Bondable status;
  h. Gender;
  i. Bond status;
  j. Location(s) (if any) of posted bond;
  k. Date(s) (if any) of posted bond;
  l. Date(s) (if any) when Form I-340 was issued;
  m. Date(s) (if any) when bond was cancelled;
  n. Date(s) (if any) when Form I-391 was issued;
  o. Date(s) (if any) when form I-323 was issued; and
  p. Date (if any) when bond was breached.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

2. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-323. For each such respondent, please also disclose:

   a. The facility where the respondent was detained;
   b. Date of birth;
   c. Nationality;
   d. Date of arrival;
   e. Date the individual was booked into ICE custody;
   f. Bond amount;
   g. Interest accumulated on bond (if any);
   h. Bond status;
   i. Location (if any) of posted bond;
   j. Date(s) (if any) of posted bond;
   k. Date(s) (if any) when bond was breached;
   l. Date(s) (if any) when form I-240 was issued;
   m. Date(s) when form I-323 was issued; and
   n. Amount, calculation, withholding, and/or reporting of income taxes.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

3. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-340. For each such respondent, please also disclose:

   a. The facility where the respondent was detained;
   b. Date of birth;
   c. Nationality;
   d. Date of arrival;

  e. Date the individual was booked into ICE custody;
  f. Bond amount;
  g. Interest accumulated on bond (if any);
  h. Bond status;
  i. Location (if any) of posted bond;
  j. Date (if any) of posted bond;
  k. Date (if any) when bond was breached;
  l. Date(s) on which Form I-340 was mailed;
  m. Date (if any) when form I-323 was issued;
  n. Whether Form I-340 was successfully delivered; and
  o. Amount, calculation, withholding, and/or reporting of income taxes.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

4. For the first day of each month from October 2014 to October 2015, please disclose the number of respondents in whose cases ICE had previously issued a Form I-391. For each such respondent, please also disclose:

  a. The facility where the respondent was detained;
  b. Date of birth;
  c. Nationality;
  d. Date of arrival;
  e. Date the individual was booked into ICE custody;
  f. Bond amount;
  g. Interest accumulated on bond (if any);
  h. Bond status;
  i. Location (if any) of posted bond;
  j. Date(s) (if any) of posted bond;
  k. Date(s) (if any) when bond was cancelled;
  l. Date(s) (if any) when form I-323 was issued;
  m. Date(s) (if any) when form I-340 was issued;
  n. Date(s) (if any) on which Form I-391 was mailed;
  o. Whether Form I-391 was successfully delivered; and
  p. Amount, calculation, withholding, and/or reporting of income taxes.

Please also disclose all records describing or including look-up tables, guidance, policies, manuals or other records defining database fields and possible entries for the fields produced in response to this request.

We also request the following records[2] created or dated in Fiscal Years (FYs) 2010-2015:

---

[2] The term "records" as used in this request includes all records or communications preserved in electronic or written form, including but not limited to correspondence, regulations, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials or studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

5. All records describing or including look-up tables, guidance, policies, or other information defining database fields and maintenance protocols for the following databases: eBONDS, Bond Management Information System (BMIS), BMISWeb, and Bond Document Repository.

6. Memoranda, guidelines, worksheets, policies, communications or other records documenting or describing average, aggregate, total, and/or tallied bond amounts by detainee, region, field office, and/or nationwide.

7. Memoranda, guidelines, worksheets, policies, communications, or other records containing, describing, pertaining to, or referring to aggregate statistical reports or data regarding one or more of the following categories of information:

    a. Number of persons granted bond by ICE by month, year, or other time interval;
    b. Number of persons granted bond by the Executive Office for Immigration Review (EOIR) by month, year, or other time interval;
    c. Amount of bond set by ICE per detainee by month, year, or other time interval;
    d. Number of persons denied bond by ICE by month, year, or other time interval;
    e. Number of persons denied bond by EOIR by month, year, or other time interval;
    f. Number of appeals filed to the Board of Immigration Appeals by noncitizens or the Office Of Chief Counsel after a bond decision by the EOIR, by month, year, or other time interval;
    g. Average bond amount set by ICE by detainee nationality, by month, year, or other time interval;
    h. Average bond amount set by ICE by detainee gender, by month, year or other time interval;
    i. Average bond amount set, by date of detainee's arrest by DHS, by month, year, or other time interval;
    j. Average bond amount by date ICE granted bond, whether organized by month, year, or other time interval;
    k. Average length of detention at time of detainee paid bond, by month, year, or other time interval;
    l. Average bond amount set by ICE for detainees represented and not represented by counsel, whether organized by month, year, or other time interval;
    m. Average bond amount set by ICE for detainees who have passed Credible Fear Interviews (CFIs), organized by month, year, or other time interval;
    n. Average bond amount set by ICE for detainees who have passed Reasonable Fear Interviews (RFIs), organized by month, year, or other time interval;
    o. Average bond amount set by ICE for detainees by Immigration and Nationality Act (INA) charges on Notice to Appear, whether organized by month, year, or other time interval.

8. Memoranda, guidelines, worksheets, training materials policies, communications, or other records detailing the guidance or calculus ICE agents should use in making bond determinations.

9. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE determines when a bond is considered cancelled.

10. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE determines when a bond is considered breached.

11. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE determines when to issue a demand notice (I-340).

12. Memoranda, guidelines, worksheets, policies, training materials, communications, or other records detailing how ICE should and/or does notify bond obligors that an immigration bond has been: cancelled, forfeited, and/or breached.

13. Number of each of the following notices sent by ICE in each of Fiscal Years 2010-2015:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

14. Number of each of the following notices sent by ICE in each of Fiscal Years 2010-2015, in which ICE failed to secure delivery due to change in address:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

15. Memoranda, guidelines, worksheets, policies, communications, or other records detailing the guidance ICE agents use to determine what type of delivery method is used, including U.S. Mail, to send the following notices:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

16. Memoranda, guidelines, worksheets, policies, communications, or other records detailing how ICE agents should proceed when each of the following notices cannot be delivered because of a change in address:
    a. Form(s) I-352 (bond contract);
    b. Form(s) I-391 (immigration bond cancellation);
    c. Form(s) I-323 (notice of bond breach); and
    d. Form(s) I-340 (demand notice).

## THE REQUESTOR

Asian Americans Advancing Justice – Asian Law Caucus ("AAAJ-ALC") was founded in 1972 and is the nation's first legal and civil rights organization serving the low-income Asian and Pacific Islander (API) communities. AAAJ-ALC focuses on housing rights, immigration and immigrants' rights, labor and employment issues, voting rights, civil rights and national security, and criminal justice reform. The mission of the AAAJ-ALC is to promote, advance, and represent the legal and civil rights of API communities. Recognizing that social, economic, political and racial inequalities continue to exist in the United States, AAAJ-ALC is committed to the pursuit of equality and justice for all sectors of our society, with a specific focus directed toward addressing the needs of low-income, immigrant and underserved APIs.

Since the vast majority of Asians and Pacific Islanders in America are immigrants and refugees, immigration policy is a major concern to Asian Pacific-Islander communities. Detention and deportation are of particular concern to Southeast Asian and Pacific Islander communities who are disproportionately impacted by immigration enforcement. Through clinics throughout Northern California and its detention visitation

programs, AAAJ-ALC is a primary resource for legal representation and information for Asian Pacific-Islander communities.

## FEE WAIVER

The requestor also seeks a full fee waiver on the grounds that disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 522(a)(4)(A)(iii). As set forth above, this request aims at furthering public understanding of government conduct: specifically, ICE bond policies. Because the requested records will contribute significantly to public understanding of the immigrant detention system, we request a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii)).

If this request is denied in whole or in part, the requestors ask that the government justify all redactions by reference to specific FOIA exemptions. We expect the government to release all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny expedited processing or a waiver of fees.

Please send responsive records to:

Holly Cooper
UC Davis School of Law
Immigration Law Clinic
One Shield Ave. TB 30
Davis, CA 95616
hscooper@ucdavis.edu


Thank you for your time and attention. Please contact me at 530 754 4833 or hscooper@ucdavis.edu with any questions.


Sincerely,

/s/ Holly S. Cooper
Holly S. Cooper
Associate Director
Immigration Law Clinic
UC Davis School of Law

Ex. 2

# Holly S Cooper

**From:** ice-foia@dhs.gov
**Sent:** Friday, February 19, 2016 6:00 AM
**To:** Holly S Cooper
**Subject:** ICE FOIA Request 2016-ICFO-21111

February 19, 2016

Holly Cooper
UC Davis Law School
One Shields Avenue
Suite TB 30
Davis, CA 95616

RE:   ICE FOIA Case Number 2016-ICFO-21111

Dear Ms. Cooper:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 16, 2016, and to your request for a waiver of all assessable FOIA fees. Your request was received in this office on February 16, 2016. Specifically, you requested information pertaining to Bond Policies and Records (see attached request for 16 specific details).

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10- day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

ICE evaluates fee waiver requests under the legal standard set forth above and the fee waiver policy guidance issued by the Department of Justice on April 2, 1987, as incorporated into the Department of Homeland Security's Freedom of Information Act regulations[1]. These regulations set forth six factors to examine in determining whether the applicable legal standard for fee waiver has been met. I have considered the following factors in my evaluation of your request for a fee waiver:

(1) Whether the subject of the requested records concerns "the operations or activities of the government";

(2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

(3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons;

(4) Whether the contribution to public understanding of government operations or activities will be "significant";

(5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and

(6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor.

Upon review of your request and a careful consideration of the factors listed above, I have determined to grant your request for a fee waiver.

ICE has queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2016-ICFO-21111**. Please refer to this identifier in any future correspondence. To check the status of an ICE FOIA/PA request, please visit http://www.dhs.gov/foia-status. Please note that to check the status of a request, you must enter the 2016-ICFO-XXXXX tracking number. You may contact this office at (866) 633-1182. Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Regards,

ICE FOIA Office